IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

KAREN YOUNG,

|                                        |                           |
|----------------------------------------|---------------------------|
| Plaintiff,                             | ORDER                     |
| v.                                     |                           |
|                                        | 14-cv-07-wmc              |
| CAROLYN W. COLVIN,                     |                           |
| Acting Commissioner Social Security Administration, |               |
| Defendant.                             |                           |

This is an action for judicial review of an adverse decision of the Commissioner of Social Security brought pursuant to 42 U.S.C. § 405(g).  Karen Young contends that the Administrative Law Judge ("ALJ") erred in finding that she was not disabled under the statute.  Since the ALJ's determination of Young's Residual Functional Capacity ("RFC") failed to adequately account for deficiencies in her concentration, persistence and pace ("CPP") in direct violation of settled Seventh Circuit case law, the court is of the opinion that remand is required, but will give the Commissioner an opportunity to respond before ordering remand and such other relief as may be appropriate to deter her continuing unwillingness to confess obvious error in similar circumstances.[1]

Specifically, Young contends that the RFC formulation and related questions to the vocational expert failed to account for her CPP limitations after giving great weight to the State's medical experts (particularly Dr. Spear) identifying moderate limitations in her ability to: (1) maintain attention and concentration for extended periods; (2) perform

---

[1] While the entire Social Security Administration, certainly including overburdened ALJs, have been given the Herculean task of moving a mountain of claims, this does not excuse burdening the courts, plaintiffs and indeed its own lawyers with obviously meritorious appeals requiring remand.

activities within a schedule; (3) maintain regular attendance (4) be punctual within customary tolerances; (5) complete a normal work-day and workweek without interruptions from psychologically based symptoms; and (6) perform at a consistent pace without an unreasonable number and length of rest periods.  (AR 1337.)  Since the ALJ purported to give this opinion great weight, Young argues persuasively that these limitations should have been included in her RFC and proposed to the vocational expert.

In *O'Connor–Spinner v. Astrue*, 627 F.3d 614 (7th Cir. 2010), the Seventh Circuit held that an ALJ must orient a vocational expert to the "totality of a claimant's limitations," including those involving "concentration, persistence and pace."  *Id*. at 609; *see also Craft v. Astrue*, 539 F.3d 668, 677-78 (7th Cir. 2008) (limiting hypothetical to simple, unskilled work does not account for claimant's difficulty with memory, concentration, or mood swings); *Young v. Barnhart,* 362 F.3d 995, 1003-1004 (7th Cir. 2004); *Travis v. Astrue*, 2009 WL 3422770 (W.D. Wis. 2009) (the ALJ's reference to "simple, repetitive work" in the RFC failed to account for moderate limitations in CPP).

This is hardly the first time that the Commissioner has stubbornly refused to acknowledge the import of *O'Connor-Spinner*.  On the contrary, the Seventh Circuit has gone so far as to state that, "The Commissioner continues to defend the ALJ's attempt to account for mental impairments by restricting the hypothetical to "simple" tasks, and we and our sister courts continue to reject the Commissioner's position."  *Stewart v. Astrue*, 561 F.3d 679, 685 (7th Cir. 2009).  This court, too, has repeatedly echoed these

sentiments, so far to no avail.[2]  *See e.g., Nancy Traver-Musselman v. Carolyn Colvin*, 12-CV-423 2014, WL 1007302 at *8 (W.D. Wis. March 14, 2014).  In *Traver-Musselman*, Dr. Ludvigson's mental limitations were not put to the vocational expert despite the ALJ purporting to assign great weight to that opinion.  There, too, the Commissioner was unable to articulate any reason why *O'Connor–Spinner* did not mandate a remand.  *Id.*, at 8.  *See also, Amy Marchel v. Astrue*, 12-CV-47 (W.D.Wis., Nov. 16, 2012).  Even more recently, the Seventh Circuit has gone to great pains to articulate specific deficiencies in an ALJ's adoption of simple, unskilled work as a substitute for limitations in CPP.  In *Yurt v. Colvin*, 758 F.3d 850 (7th Cir. 2014), the Seventh Circuit detailed moderate limitations in CPP, identified by the claimant's doctor, in his "ability to carry out detailed instructions, perform within a schedule, be punctual, perform at a consistent pace, and to complete a normal workday and workweek."  *Id.* at 857.  Given these limitations in claimant's CPP, the Seventh Circuit was "hard-pressed to conclude" that the ALJ's RFC finding was adequate in describing him as an individual who "could perform unskilled tasks, related superficially to small numbers of people, and attend to tasks long enough to complete them."  *Id.* at 857-58.[3]  Because of this, the Seventh

---

[2] The Western District of Wisconsin is hardly alone in its repeated application of the *O'Connor-Spinner* mandate to overturn obvious conflicts in CPP findings and RFC formulations by ALJs.  *See, e.g., Gray v. Astrue*, 2009 WL 1228632 (N.D. Ind. May 1, 2009); *McGee v. Astrue*, 770 F.Supp.2d 945, (E.D.Wis. 2011) (remand where ALJ substituted limitation to simple, routine and repetitive work when moderate CPP had been found); *Kell v. Astrue*, 2011WL 2970891 (S.D. Ind., July 21, 2011) ("(T)he ALJ's failure to include a moderate difficulty in concentration, persistence, and pace in his hypothetical question to the VE requires remand.").

[3] Finding that the RFC and questions to the vocational expert were deficient, the court also stated that "the hypothetical [question] does nothing to ensure that the VE eliminated from her responses those positions that would prove too difficult for someone with [the claimant's] depression and psychotic disorder." *See Yurt*, 758 F.3d at 857-58.

Circuit remanded for further proceedings, concluding that the ALJ failed to "build an 'accurate and logical bridge' between the evidence of mental impairments and the hypothetical and the mental RFC." *Id.* at 859.

Here, the ALJ found moderate limitations in CPP. (AR 20)  Many of the specific limitations that Dr. Spear identified and that the ALJ gave "great weight" are quite similar (if not the same) as those found in *Yurt*.  Given the congruency between *Yurt* and the instant case in terms of moderate limitations being credited, but then not reflected in the RFC, this court, too, is hard pressed to conclude that remand is not necessary.[4]

Compounding the court's concern with the Commissioner's refusal to stipulate to remand is her failure to point to any specific exception recognized in *O'Connor–Spinner,* other than the alternative phrasing exception.  That same exception was also raised in *Yurt*, but rejected because the vocational question did not properly capture "someone with the [claimant's] depression and psychotic disorder."  758 F.3d at 858.  Indeed, the Commissioner's brief lacks any meaningful analysis of *Yurt,* which tends to demonstrate the uphill battle that it must surmount to succeed on this issue.

In light of this record, the court directs the Commissioner to advise within 30 days why remand is *not* required on the CPP issue and why double attorney fees and costs should not be awarded to plaintiff as a sanction.  If the Commissioner concludes before that time that remand *is* necessary, the parties are instructed to stipulate to a remand

---

[4] Not only does the *Yurt* decision provide arguably the most definitive statement yet of the account for limitations in concentration, persistence and pace in formulating a [claimant's] RFC, but it also explains the contours of this growing area of law and how the holding in the case is distinguishable with the limited number of other cases where deficiencies in CPP have *not* been found.  *Cf. Simila v. Astrue*, 573 F.3d 503, 522 (7th Cir. 2009); *Johansen v. Barnhart*, 314 F.3d 283 (7th Cir. 2002).

pursuant to sentence four of Section 205 of the Social Security Act, 42 U.S.C. § 405(g), including an award of reasonable fees and costs awarded to plaintiff.  Any stipulation should make reference to the deficiencies recognized in this order, along with any other arguably meritorious deficiencies that are raised in briefing to assist the ALJ on remand.


ORDER

IT IS ORDERED that the Commissioner shall advise why remand is not required and why double fees and costs should not be awarded to plaintiff on or before **November 10, 2014.**

Entered this 9th day of October, 2014.


BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge